UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAD RIVER BAND OF LAKE SUPERIOR CHIPPEWA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES ARMY CORPS OF ENGINEERS,**<br><br>Defendant. | Case No. 1:26-cv-1171 (TNM) |

## MEMORANDUM ORDER

The Bad River Band of Lake Superior Chippewa Indians sues the U.S. Army Corps of Engineers, asking this Court to vacate and set aside a permit. *See* Compl., ECF No. 1. That permit would allow Enbridge Energy to relocate its existing pipeline. *See* Mot. to Intervene at 10, ECF No. 10-1.[1] Enbridge's unopposed request to intervene as a defendant is ripe. ECF No. 10. For the reasons that follow, the Court grants that motion.

To intervene, Enbridge must show that it has Article III standing and that it satisfies Federal Rule of Civil Procedure 24. *See Yocha Dehe v. Dep't of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021). Starting with standing, Enbridge easily clears that hurdle. "The standing inquiry for an intervening-defendant is the same as for a plaintiff: the intervenor must show injury in fact, causation, and redressability." *Crossroads Grassroots Pol'y Strategies v. FCC*, 788 F.3d 312, 316 (D.C. Cir. 2015). Enbridge satisfies those requirements because it benefits from the challenged permit and the Band's success here would take away those benefits. *See*

---

[1] All pagination refers to the numbers generated by the Court's CM/ECF system.

*Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 4–5 (D.D.C. 2021) (finding Article III standing under similar circumstances).

Turn now to Rule 24. That rule "outlines two different avenues by which a court can allow an outsider to intervene—intervention of right, and permissive intervention." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1044 (D.C. Cir. 1998). Enbridge qualifies under both paths.

First, Enbridge may intervene as a matter of right. Rule 24(a) sets out four requirements for intervention as a matter of right. "First, the application to intervene must be timely. Second, the movant must demonstrate a legally protected interest in the action. Third, the action must threaten to impair that interest. And fourth, the movant must show that no existing party to the action can be an adequate representative of the movant's interests." *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 9 (D.D.C. 2019) (cleaned up); *see* Fed. R. Civ. P. 24(a)(2).

Enbridge satisfies each requirement. First, Enbridge's motion filed early in the case— before the Corps' Answer—is timely. *See Sault Ste. Marie Tribe of Chippewa Indians*, 331 F.R.D. at 12 (finding timely an intervention motion filed 16 days after the Government moved to dismiss). Second, for the same reasons Enbridge has Article III standing, it has a legally protected interest in the challenged permit. *See Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 320. Third, invalidating the permit would at least delay Enbridge's proposed relocation and could prevent Enbridge from using the pipeline at all. *See* Mot. to Intervene at 19–20. Finally, neither the Tribe nor the Corps adequately represents Enbridge. Though both Enbridge and the Corps will defend the permit, the Corps does not share Enbridge's business interests. *See id.* at 19–21. Those differing interests are enough to satisfy the fourth requirement. *See*

*Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 314 ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors.").

Second, even if Enbridge had not satisfied Rule 24(a), the Court would allow Enbridge to intervene under Rule 24(b). Under that rule, a Court may permit a party with "a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is an inherently discretionary enterprise." *Nat'l Children's Ctr.*, 146 F.3d at 1046. Like intervention as a matter of right, permissive intervention requires a timely motion. *Id.*

Again, Enbridge satisfies Rule 24's requirements. Enbridge's motion is timely, it has standing, and its defenses will "directly respond to" the Tribe's challenges. Mot. to Intervene at 23. More, no one objects to Enbridge's intervention. And courts routinely grant permissive intervention to similarly situated parties. *See, e.g.*, *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007). So at the very least, Enbridge may intervene under Rule 24(b)(1)(B).

3

For the foregoing reasons, it is hereby

**ORDERED** that the [10] Unopposed Motion to Intervene is GRANTED; it is further

**ORDERED** that Enbridge confine its arguments to the existing claims in this action and shall not inject new claims or stray into collateral issues; it is further

**ORDERED** that Enbridge read and comply with the Court's [6] Standing Order; it is further

**ORDERED** that Enbridge answer or otherwise respond to the [1] Complaint by June 11, 2026.

**SO ORDERED**.

Dated: April 13, 2026

TREVOR N. McFADDEN
United States District Judge

4